UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

LUIS DANIEL CRUZ GOMEZ,

 Petitioner,

 v.

BRUCE SCOTT,[1] *Warden of the Northwest ICE Processing Center,*

 Respondent.

No. 2:26-cv-01571-SAB

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court is Petitioner's Emergency Motion for a Pro Bono Counsel, ECF No. 2. The motion was heard without oral argument.

_____

[1] Petitioner lists "ICE Field Office Director" as the Respondent to this petition. The proper respondent in a habeas petition is the *warden* of the facility at which the petitioner is located. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Consistent with its obligation to construe pro se filings leniently, the Court substitutes Warden Bruce Scott as the respondent in this matter. *See Pham v. Scott*, No. 2:26-cv-00027-LK, 2026 WL 238994 (W.D. Wash. Jan. 29, 2026). While Bruce Scott has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Padilla*, 542 U.S. at 435 (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary"); and (2) federal respondents often represent the warden's interests. *See Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024).

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ~ 1**

On May 6, 2026, Petitioner file a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. 2241. He now seeks appointment of counsel in this matter.

While there is no constitutional right to appointment of counsel in § 2241 habeas actions, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygardt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

A review of Petitioner's habeas petition reveals that he has adequately articulated his claims such that Respondent can file a viable response to the substance of those claims. As to the question of whether Petitioner is likely to succeed on the merits of his petition, there is insufficient information in the record at this stage of the proceedings for the Court to make that determination. As such, Petitioner has not demonstrated that the interests of justice require appointment of counsel at this time.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Petitioner's Emergency Motion for a Pro Bono Counsel, ECF No. 2, is DENIED, without prejudice and leave to renew once the record is more fully developed.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to Petitioner.

**DATED** this 12th day of May 2026.

Stanley A. Bastian
U.S. District Court

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ~ 2**